IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 1:11-CR-274 |
| | ) | |
| v. | ) | **Judge Dan Aaron Polster** |
| | ) | |
| WILLIE CURRY, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Willie Curry's Motion for Compassionate Release, **Doc #: 34**. For the following reasons, Curry's Motion is **DENIED**.

I.      **Background**

Curry pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc #: 20. He subsequently was sentenced to 180 months in custody of the Bureau of Prisons. Doc #: 21. Curry is currently held at Federal Medical Center Devens ("FMC Devens") and has an expected release date of May 10, 2024.

Curry first filed a motion to reduce sentence on May 22, 2020. Doc #: 31. This Court appointed a Federal Public Defender for Curry, who filed the pending Motion to Reduce Sentence. Doc #: 34. The Government then filed a response. Doc #: 37.

1

## II.      Discussion[1]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A.  Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at 8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Court does not doubt that Curry is at high risk of having grave complications should he contract COVID-19. Curry's medical conditions consist of chronic obstructive pulmonary disease, type-two diabetes, morbid obesity, hypertension, and high cholesterol, Doc #: 34 at 3-4, most of which the Centers for Disease Control and Prevention ("CDC") label as either risk factors or potential risk factors for severe illness from COVID-19.[2]

---

[1] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. The Government concedes that Curry has satisfied the exhaustion requirement. Doc #: 37 at 4

[2] The CDC labels chronic obstructive pulmonary disease, obesity, and type-two diabetes as conditions that place people at an increased risk of severe illness from COVID-19 and hypertension as a condition that might place a person at increased risk for severe illness from COVID-19. *People of Any Age with Underlying Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 7/20/2020).

2

The Court is less certain whether FMC Devens is experiencing a severe outbreak. FMC Devens has seven confirmed inmate COVID-19 cases, two inmate COVID-19 deaths, 46 inmate COVID-19 recoveries and six staff COVID-19 recoveries.[3]

The Court need not now decide whether FMC Devens is experiencing a severe COVID-19 outbreak because even if it is, Curry is not entitled to compassionate release because he is a danger to other persons and the community and the § 3553(a) factors weigh against release.

## B.  Danger to Safety of Other Persons or Community

For a court to grant compassionate release, it must also find that the "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (quoting United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018)). Section 3142(g) calls for courts to consider: (1) the nature of the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[4]  and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

Upon weighing these factors, the Court finds that Curry is a danger to the safety of other persons and the community. Curry was charged with the dangerous combination of possession with intent to distribute cocaine while illegally possessing a firearm. Additionally, Curry has a prolonged history of committing drug offenses – he committed drug offenses in 1982, 1989,

---

[3] *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited 7/20/2020).
[4] The history and characteristics of the defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings[,] and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law" 18 U.S.C. § 3142(g)(3)(A)-(B).

1995 (three offenses), 2000, and 2008. When considered together, this Court is persuaded that Curry is a danger to the safety of other persons and the community.

### C.  Section 3553(a) Factors

Finally, the § 3553(a) factors do not favor release. A court already considers these factors when sentencing a defendant. Upon a motion for compassionate release, a court determines whether the changed circumstances cause the § 3553(a) factors to be weighed differently. Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at 10. Here, Curry has nearly four years of his sentence remaining. Thus, the § 3553(a) factors do not support granting compassionate release.

### Conclusion

For the above reasons, Curry's Motion, **Doc #: 38**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 20, 2020*
**Dan Aaron Polster**
**United States District Judge**